OPINION OF THE COURT
Hilda G. Schwartz, J.
Plaintiffs and moving parties on this motion, Russo & Dubin, suing on behalf of itself and all others similarly situated, are or were tenants in commercial, industrial or institutional buildings located in New York County, from January 1, 1970 to October 31, 1974, who purchased building maintenance service from any of the building maintenance companies named as defendants and who allegedly were damaged by the acts of such defendants.
Plaintiffs move, pursuant to CPLR 901 et seq. for a determination that this action may be maintained as a class action. The 11 defendants are all building maintenance companies. Building maintenance, it is not disputed, includes service such as janitorial, repair, security, elevator, landscaping, heating, lighting and the like.
Plaintiffs are seeking a determination as to whether they may proceed as a class action under CPLR 902.
Plaintiffs contend that members of the class in whose behalf they sue, number in excess of 10,000 and joinder, therefore, of all members is impracticable. Plaintiffs further contend that their application that this action be adjudicated a class action meets the five prerequisites of CPLR 901 (subd a).
The gist of the complaint in this action is the claim by plaintiffs that the defendants conspired and agreed with each other to maintain a monopoly and restrain trade in the building maintenance service business in New York State in violation of section 340 et seq. of the General Business Law (the "Donnelly Act”).
The plaintiffs seek determination as a class action on behalf, not of persons who purchase building maintenance services directly but on behalf of tenants, indirect users of the services, *346 who were allegedly injured by the conduct of the defendants through the passing on to them by their landlords (the direct purchasers) of increased charges pursuant to the terms of their leases. Plaintiffs seek injunctive relief and damages in an amount to be determined at a trial.
The determination that an action proceed as a class action requires the satisfaction of the five prerequisites of CPLR 901 (subd a).
They are:
1. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
2. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;
3. The claims or defenses of the representative parties are typical of the claims or defenses of the class;
4. The representative parties will fairly and adequately protect the interests of the class; and
5. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Section 340 of the General Business Law states, in pertinent fact:
"1. Every contract, agreement, arrangement or combination whereby
"A monopoly in the conduct of any business, trade or commerce or in the furnishing of any service in this state, is or may be established or maintained, or whereby
"Competition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained or whereby
"For the purpose of establishing or maintaining any such monopoly or unlawfully interfering with the free exercise of any activity in the conduct of any business, trade or commerce or the furnishing of any service in this state any business, trade or commerce or the furnishing of any service is or may be restrained, is hereby declared to be against public policy, illegal and void.”
Plaintiffs allege that defendant companies accounted for approximately 70% of all building maintenance services sold in New York City. In January, 1976 an indictment was filed *347 charging the defendants, under the Sherman Act (US Code, tit 15, § 1 et seq.), with conspiracy in restraint of trade and commerce in the sale of building maintenance services. This indictment was subsequently dismissed and in July, 1976 the Government filed an information incorporating the allegations to which all of the defendants pleaded nolo contendere and were fined.
In the United States District Court, Southern District, the court (Frankel, J.) in 1977 certified as a class persons who purchased building maintenance services directly from the defendants from January 1, 1970 to October, 1974. (Shelter Realty Corp. v Allied Maintenance Corp., 75 FRD 34.)
The defendants, joining in opposition to this motion, contend that plaintiffs cannot satisfy the requirements for class determination and in fact, plaintiffs Russo & Dubin do not even have a viable claim to assert in their own behalf. They argue that the putative class are tenants whose cost for these services, if any, were included only as a fraction of the rent they paid to their landlord who were the direct purchasers. Defendants point out that since the tenants’ claims of injury would be dependent upon the insurmountable task of establishing to a degree of certainty that alleged overcharges were passed on to them by the direct purchaser, the plaintiff is without a viable claim. The United States Supreme Court in a recent decision (Illinois Brick Co. v Illinois, 431 US 720) held that claims of indirect purchasers could not be asserted under the Sherman Act; that only the direct purchaser had been injured and has a viable claim regardless of whether he passed on the alleged overcharges to the next person in the stream of commerce. Any other conclusion would result in an endless chain of possible claims. For instance, if a claim based on the passing on of overcharges were permitted, then presumably subtenants as well as the customers of tenants or subtenants, and eventually the customer of customers should be entitled to me, ad infinitum.
Defendants argue that the Supreme Court rationale in the Illinois Brick Co. case is even more compelling under the New York Donnelly Act. Any other result would create serious conflict between enforcement of State and Federal antitrust laws which would subject defendants to multiple liability in derogation of due process. There is now pending in the United States District Court identical treble damage claims on behalf of direct purchasers of maintenance services, landlords and *348 managing agents, from these defendants. (Shelter Realty Corp. v Allied Maintenance Corp., 75 FRD 34, supra.) Defendants dispute plaintiffs’ contention that no claim has heretofore been made under the Donnelly Act. They assert that the plaintiffs, in the Shelter Realty action, have asserted claims based on the Donnelly Act. If the direct purchasers class in the Federal court recover, allowing the putative class proposal by the plaintiffs here, to also sue would subject defendants for a second time to liability for damages. The burden of eliciting proof of overcharges to each tenant would be unprecedented.
It cannot be said that common questions "predominate” over questions affecting only individual class members. Each member’s claim would require proof of an alleged overcharge pursuant to such member’s individually negotiated lease. In addition, the class action sought here would be a mammoth action and would not be "manageable” as required by CPLR 902 (subd 5). An estimate of 100,000 alleged class members, each requiring separate evidence to establish his claim of liability and damages places this proposed action in violation of CPLR 902 (subd 5) as presenting difficulties in management.
CPLR 901 (subd b) specifically bars a class action to recover a penalty. Under the Donnelly Act plaintiffs sought treble damages which are such a penalty. Plaintiffs later waived the treble damages asserted in their complaint. Such waiver may well cast in doubt plaintiffs’ capacity to fairly and adequately protect the interest of the class (CPLR 901, subd a, par 4).
In a recent decision, this court (Fein, J.) held that the Donnelly Act may not be used to maintain a class action pursuant to CPLR article 9. (Blumenthal v American Soc. of Travel Agents, NYLJ, July 8, 1977, p 5, col 1.) Blumenthal is in accord with the Federal court decisions construing section 4 of the Clayton Act (US Code, tit 15, § 15) which, as to treble damages, is indistinguishable from subdivision 5 of section 340 of the General Business Law. Such decisions have declared that the treble damages provision is penal and that they are mandatory and cannot be waived by a plaintiff. (Sun Theatre Corp. v RKO Radio Pictures, 213 F2d 284, 287.) In the Sun Theatre case, the court stated, with reference to section 4 of the Clayton Act: "That plaintiff may not alter a remedy which exists solely by virtue of a statute is a principle too well settled to require citation of authority.” (Cf. Locklin v Day-Glo Color Corp., 429 F2d 873, 878; cert den 400 US 1020; Lyons v *349 Westinghouse Elec. Corp., 222 F2d 184, 189; cert den sub nom. Walsh v Lyons, 350 US 825.)
In the Blumenthal case (p 5, col 2, supra), a similar action under the Donnelly Act, in the Supreme Court, New York County, Justice Fein stated: "If liability is proven treble damages is the minimum damages. The statute is mandatory. Its very purpose is the imposition of this penalty.”
In the case at bar, even if plaintiffs’ contention that they are bringing this action for single damages were accepted and such an action was permitted, this action could nevertheless not proceed as a class action.
Plaintiffs cannot be considered adequate class representatives since by demanding members of the class to waive their right to treble damages, they cannot be said to fairly and adequately protect the interest of the class (CPLR 901, subd a, par 4).
In summary, the court finds that plaintiff, as an indirect purchaser of building maintenance services has no valid claim, under the holding of the Supreme Court in Illinois Brick Co. v Illinois (431 US 720, supra); that the plaintiffs do not meet the requirements of CPLR article 9 for the maintenance of a class action and that plaintiffs are barred from proceeding with this action as a class action premised upon the Donnelly Act.
Accordingly, plaintiffs’ motion is denied in all respects.