■ DENNIS QUINN, Doing Business as CANNABIS OF HUNTINGTON, et al., Appellants, v CANNABIS HAIRCUTTERS, LTD., et al., Respondents, et al., Defendant.—In an action for a declaratory judgment and injunctive relief, plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County, entered April 24, 1979, as (1) granted the cross motion of defendants Cannabis Haircutters, Ltd., and Russo to dismiss the complaint to the extent of dismissing the first, second, fourth, fifth, sixth, seventh, eighth and ninth causes of action, and (2) determined plaintiffs' third cause of action on the merits. Order and judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, the second, third and fourth decretal paragraphs thereof are deleted, and the cross motion to dismiss the complaint is denied. Respondents' time to answer the complaint is extended until 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. As to the plaintiffs' first cause of action, we hold that a jural relationship and justiciable controversy exist and that, taken as true, plaintiffs allege a proper cause of action for declaratory relief. It was therefore error to dismiss that cause of action. As to plaintiffs' third cause of action, we hold it was improper for Special Term to have considered the issue on the merits without notice to the parties of its intent to do so. (See *Rovello v Orofino Realty Co.,* 40 NY2d 633.) As the cross motion to dismiss was addressed to the complaint as a whole, it is unnecessary to consider the legal sufficiency of the second, fourth, fifth, sixth, seventh, eighth and ninth

causes of action. Where individual causes of action are alleged by a plaintiff, but only one general motion to dismiss is made, which motion is addressed to the entire complaint in omnibus fashion, case law is clear that should any one cause of action be sustained as legally sufficient, then the entire complaint should be sustained and the motion to dismiss should be denied in its entirety. (See *De Maria v Josephs,* 41 AD2d 655; *Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 46 AD2d 794, mod 38 NY2d 397.) Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.