OPINION OF THE COURT
James F. Niehoff, J.
This action is brought in the name of the local affiliate of the National Association for the Advancement of Colored People and nine individuals, eight of whom are residents of the Town of North Hempstead, the ninth being a resident of the Town of Hempstead who is employed in the Town of North Hempstead. The individual plaintiffs are alleged to be elderly or low-income persons who reside in substandard, inadequate or overly expensive housing and would be eligible for public housing units if such public housing units were constructed.
The action is brought as a purported class action on behalf *706 of plaintiffs as well as "all others similarly situated who are elderly or low-income persons residing in the Town of North Hempstead and elsewhere, who would be eligible for public housing units, if such units were constructed, and who are compelled to reside in substandard, inadequate or overly expensive housing by the defendant’s refusal to permit the construction of public housing.”
The complaint herein is 23 pages long, consists of 85 numbered paragraphs and contains the following prayer for relief:
"wherefore, plaintiffs respectfully demand that the Court:
"1. Declare that the refusal of the defendants to consider and approve the above described housing projects, to provide the necessary rezoning and negotiate and convey the necessary rights to the Port Washington site, violates their duty to provide a plan for the development of a balanced, well-ordered community which meets its present and future needs; makes inefficient use of available Town land; and violates Town Law §§ 261 and 263; the New York State Constitution, Article 1, §§ 6 and 11; the Fourteenth Amendment of the United States Constitution; and 42 U.S.C. §§ 1981, 1983, 3601 et seq.
“2. Declare that the defendant Town, the defendant Tully and the defendant Town Board are legally obligated to cooperate with the Housing Authority’s attempts to carry out its function to provide low rent housing pursuant to the New York State Constitution, Article XVIII and the Public Housing Law § 417; and declare that the Town has the burden of showing compelling reasons to justify denial of proposals which seek to utilize the federal assistance available through 'Turnkey’ program reservations.
"3. Issue an order requiring the defendants to take all steps necessary to facilitate the construction of the proposed housing projects described herein.
"4. Issue an order requiring the defendant Tully and the defendant Town Board to negotiate in good faith with the developer to convey the air rights to the Port Washington Parking District site.
"5. Appoint a master to supervise the aforementioned negotiation.
"6. Grant the named plaintiffs the recovery of all costs, including attorneys fees, incurred in maintaining this action, and for such other and further relief as the interests of justice may require and this Court deems appropriate.”
*707 The housing projects referred to in the prayer for relief stem from the Federal Turnkey Program. Under that program, the local housing authority obtains a program reservation from the United States Department of Housing and Urban Development (HUD) for a specific number of housing units. The housing authority then advertises for proposals for the construction of low income or senior citizen housing by private developers. The developer picks a construction site and submits its proposal. After approval the developer builds the project and upon completion "turns the key” over to the housing authority.
In 1977, the Turnkey Developers Corporation, a private developer, submitted four proposals to the defendant Town of North Hempstead Housing Authority for separate projects at three different sites. One project was to be located in Albert-son. A second was to be built in Garden City Park. The third which was to be constructed in Port Washington, involved the use of air rights and required the developer to obtain a lease thereof from the Port Washington Parking District. No lease has, as yet, been negotiated and although the projects cannot be implemented without the approval of the Town Board of the Town of North Hempstead, no application to the town board has even been made, let alone denied, with respect to any of the proposals of the developer.
The court presently has before it two motions to dismiss the complaint in this action. The defendants Town of North Hempstead, Michael J. Tully, Town Supervisor, the North Hempstead Town Board and the Town of North Hempstead Planning Board, seek dismissal against them upon the ground that the complaint fails to state a cause of action (CPLR 3211, subd [a], par 7) and that they have a defense founded upon documentary evidence (CPLR 3211, subd [a], par 1). The remaining defendant, the North Hempstead Housing Authority, in addition to moving upon the same grounds, asserts that the complaint should be dismissed against it because the plaintiffs lack the legal capacity to sue (CPLR 3211, subd [a], par 3).
For the reasons set forth in Suffolk Housing Servs. v Town of Brookhaven (91 Misc 2d 80, mod 63 AD2d 731), this court is satisfied that plaintiffs have the requisite standing to maintain this action and, therefore, denies that branch of the motion made by the housing authority pursuant to CPLR 3211 (subd [a], par 3).
*708 The motions to dismiss for failure to state a cause of action are, as they should be, directed to the allegations and relief demanded in the complaint served upon the defendants.
Insofar as the three housing projects referred to in the complaint are concerned, this court is being asked to interfere with and direct public officials in the performance of their duties based upon allegations which may be characterized, at best, as surmise and supposition. It is not alleged in the complaint, nor in any affidavits submitted in connection with these motions, that any formal applications have been denied by any of the respondents. On the contrary, it appears that the proposals have not been pursued to conclusion by the developer. Moreover, it is abundantly clear that the developer’s options to purchase the Albertson and Garden City Park sites have expired and have not been renewed by the developer and that the developer has initiated no negotiations with respect to the leasing of the air rights at the Port Washington site. These factors constitute a bar to the developer’s seeking town board approval for the projects at this time.
In their complaint the plaintiffs seek to ascribe the inaction on the developer’s part to the town officials’ conduct in "discouraging developers from submitting applications for rezoning * * * informally indicating to prospective developers” that rezoning applications would not be approved, and in refusing "to negotiate the required lease” for air rights above the parking lot at the Port Washington railroad station. Assuming for the purposes of argument that this court has the authority to make the directions sought with respect to the project sites referred to in the complaint (a highly questionable assumption when dealing with legislative action [see Lusk v Town of Eastchester, 60 AD2d 645, 646 and cases cited therein; but cf. Berenson v New Castle, 67 AD2d 506]) such relief surely could not be based upon nonfactual allegations of the type set forth in the complaint herein.
As stated above, and as can be seen from the relief requested by the plaintiffs which is quoted above, a reasonable reading of the complaint leads one to conclude that it concerns itself with the three "turnkey” projects. Nevertheless, in their memorandum of law submitted in opposition to the motions herein, the plaintiffs, apparently recognizing the weaknesses inherent in their causes of action as they relate to the turnkey projects, maintain that "disregarding the allegations as to the Turnkey projects, valid causes of action are *709 stated in that the Town’s zoning and land use policies and practices violate at least the Town’s duties under New York State law including the duty to allow for public need, the duty to plan so as to provide for these needs, and the duty not to obstruct the state’s policies as well as violating the Equal Protection Clause.”
It is true that among a great many other things alleged in the subject complaint, which is directed at the turnkey projects, the complaint contains some allegations attacking the zoning and planning of the Town of North Hempstead for not allocating an adequate percentage of the land to multiple-family housing use.
 In ruling upon the adequacy of a complaint the court is not called upon to pass upon the merits of the claim made by a plaintiff. Its function is limited to determining whether a plaintiff has set forth allegations which, if true, would warrant relief in favor of the plaintiff. Furthermore, on a motion to dismiss a complaint the court is required to accept the plaintiff’s allegations as true and to afford the plaintiff the benefit of all favorable inferences which may be drawn from the facts as alleged by the plaintiff. Accepting as true plaintiffs’ allegations that the Town of North Hempstead has not allocated an adequate percentage of the land to multiple-family housing use and affording the plaintiffs the benefit of all favorable inferences, as it must upon a motion addressed to the legal sufficiency of the complaint (Underpinning & Foundation Constructors v Chase Manhattan Bank, N. A., 46 NY2d 459, 462), the court concludes that for pleading purposes a cause of action has been stated to invalidate the town zoning ordinance upon the ground that it does not provide a properly balanced and well-ordered plan to meet the needs of the community and the region (see Berenson v Town of New Castle, 38 NY2d 102). However, this court can find no other cognizable right of action nor appropriate prayer for relief pleaded in the complaint.[1]
Having concluded that there are allegations in the complaint which, if proved, would be the basis for some relief, albeit not the relief sought in the complaint, the motion of the defendants other than the housing authority to dismiss the entire complaint for failure to state a cause of action must be *710 denied (Gambar Enterprises v Kelly Servs., 69 AD2d 297, 304; Quinn v Cannibis Haircutters, 72 AD2d 765).
As indicated (supra), this court is of the opinion that the relief requested in the complaint is wholly inappropriate and beyond the court’s power to grant. While that is not a sufficient reason to dismiss the complaint, it does warrant the issuance of an order requiring a new pleading by plaintiffs so that the action might properly proceed (see Matter of Corbeau Constr. Corp. v Board of Educ., 32 AD2d 958, 959). In this case the need for a new complaint is underscored by the fact that the present complaint contains a great many allegations of an evidentiary nature, many which are extraneous to and have no relevance to the only cause of action stated, i.e., the attack upon the validity of the zoning ordinance. Under the circumstances this court will direct that a new complaint be served eliminating therefrom all reference to the specific turnkey projects and limiting itself to the necessary factual allegations to support the cause of action found to be sufficient. The order to be submitted herein shall provide for service of an amended complaint within 20 days after service of a copy thereof upon plaintiffs’ attorney.
The motion by defendant, the North Hempstead Housing Authority, to dismiss the entire complaint as against it is granted. There are no wrongs alleged to have been committed by this defendant, no relief sought against it, and in the posture of the complaint as viewed herein, there is no reason for continuing to join it as a party to this action.
The court does not pass upon the question of whether the action is entitled to class action status which must await an application pursuant to CPLR 902, if plaintiffs be so advised in view of the claim to be litigated herein.
Inasmuch as this court finds that the allegations relating to the specified housing projects do not state a cause of action, and in light of the additional relief granted herein, there is, likewise, no necessity to pass upon the question of whether dismissal is warranted on the basis of documentary evidence.

. It should be noted that in its memorandum of law the defendant North Hempstead Housing Authority states that it has provided more low-income and senior citizen housing units per capita than any other town in New York State.