■ LONG ISLAND REGION NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents.—In an action to declare, *inter alia,* that the defendants have a duty to provide a plan for the development of a balanced community which meets the present and future housing needs of those plaintiffs who are low income, elderly and minority residents of the community, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County, dated December 18, 1979, as, upon defendants' motions to dismiss the complaint, (1) directed that an amended complaint be served "limiting itself to the necessary factual allegations" and eliminating certain other material, and (2) granted the motion to dismiss of the defendant North Hempstead

Housing Authority. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' time to serve an amended complaint is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. In addition to holding that plaintiffs had standing to bring the action, Special Term denied dismissal of the complaint (except as to the North Hempstead Housing Authority) on the ground that a cause of action was made out to invalidate the defendant town's zoning law. The court's additional direction that an amended pleading be served limiting itself to the necessary factual allegations is simply requiring plaintiffs to follow good practice and to draw a complaint that is clear and concise on the claim stated. To proceed on the cause of action as the complaint is now drawn would be prejudicial. Whatever evidentiary facts relating to the "turnkey" projects are relevant to prove the cause of action may, of course, be introduced upon the trial. Cohalan, J. P., Margett, O'Connor and Weinstein, JJ., concur. [102 Misc 2d 704.]