■ LONG ISLAND REGION NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. — In an action, *inter alia,* to declare that the defendants' refusal to approve certain housing projects is in violation of their duty to provide a properly balanced and well ordered plan to meet the present and future housing needs of the low-income, elderly and minority residents of the Town of North Hempstead, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated August 15, 1980, which granted defendants' motion to (1) dismiss the third, fourth and fifth causes of action of the amended complaint and (2) strike certain portions of the amended complaint pursuant to CPLR 3024 (subd [b]), with leave to serve an amended complaint. Leave to appeal from so much of the order as struck portions of the amended complaint pursuant to CPLR 3024 (subd [b]) is hereby granted by Mr. Justice Gulotta. Order reversed, on the law, with $50 costs and disbursements, and the defendants' motion is denied. The question raised by this appeal is, essentially, whether the amended complaint meets the directions of a prior order of Special Term which was affirmed by this court *(Long Is. Region Nat. Assn. for Advancement of Colored People v Town of North Hempstead,* 75 AD2d 842, affg 102 Misc 2d 704). It is our view that it does. Plaintiffs commenced this as yet uncertified class action "on behalf of themselves and all others similarly situated who are elderly or low-income persons residing in the Town of North Hempstead and elsewhere who would be eligible for public housing units, if such units were constructed, and who are compelled to reside in substandard, inadequate or overly-expensive housing by [virtue of] the defendants' refusal to permit the construction of public housing." Defendants herein and the North Hempstead Housing Authority moved to dismiss the original complaint for failure to state a cause

of action (see CPLR 3211, subd [a], par 7) and, in the order underlying the prior appeal, Mr. Justice Niehoff (1) sustained the complaint as against the present defendants, (2) directed the service of an amended complaint "limiting itself to the necessary factual allegations", (3) directed the elimination therefrom of any allegations regarding specific "Turnkey" projects, and (4) dismissed the complaint as against the North Hempstead Housing Authority (102 Misc 2d 704, 710, *supra*). Justice Niehoff observed that "among a great many other things alleged in the subject complaint * * * [are] allegations attacking the zoning and planning of the Town of North Hempstead for not allocating an adequate percentage of the land to multiple-family housing use * * * Having concluded that there are allegations in the complaint which, if proved, would be the basis for some relief * * * the motion of the defendants other than the housing authority to dismiss the *entire* complaint for failure to state a cause of action must be denied" *(supra,* pp 709-710; emphasis supplied). As has already been indicated, we affirmed. Following our affirmance, plaintiffs served an amended complaint upon the defendants which (1) deleted 31 paragraphs of the original complaint, (2) revised an additional three paragraphs, and (3) redrafted the prayer for relief. By virtue of these amendments, the second cause of action was deleted. In the motion giving rise to the order under review, defendants sought to dismiss the third through fifth causes of action of the amended complaint on the ground that each failed to state a cause of action and that the prior determination on this issue was the law of the case or *res judicata.* In addition, defendants moved pursuant to CPLR 3024 (subd [b]) to strike certain allegedly prejudicial matter unnecessarily inserted in the complaint. Special Term granted the defendants' motion on the ground, *inter alia,* that the prior, affirmed order of Mr. Justice Niehoff had invalidated and dismissed the third through fifth causes of action. We disagree. Defendants' prior motion to dismiss was addressed to the entirety of the complaint and, therefore, when a single cause of action therein was found to be sufficient, the complaint, as a whole, was properly sustained (see *Quinn v Cannabis Haircutters,* 72 AD2d 765). Moreover, defendants' contention that the prior determination "invalidated" all but the first cause of action is untenable, in that the prior order, as affirmed by this court, neither dismissed the complaint nor any of its individual causes of action. We also observe that the three causes of action which have been challenged on this motion are integrally related to the first. Finally, although the amended complaint is still lengthy, we believe that plaintiffs have substantially complied with the prior direction to eliminate all reference to the "Turnkey" projects and to limit the complaint to its necessary factual allegations (see 102 Misc 2d 704, 710, *supra).* In our view, the amended complaint does not contain "scandalous or prejudicial matter" which is required to be stricken pursuant to CPLR 3024 (subd [b]). Gibbons, J.P., Rabin, Gulotta and Margett, JJ., concur.