■ CHARLES COX, Appellant, v MICROSOFT CORPORATION et al., Respondents. [737 NYS2d 1] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about November 29, 2000, which, in an action under General Business Law § 340 (the Donnelly Act), granted defendants' motion to dismiss the class allegations of the complaint as barred by CPLR 901 (b) and to stay the action during the pendency of certain federal actions, unanimously modified, on the law and the facts, to the extent of vacating the stay and, except as so modified, affirmed, without costs.

Private persons are precluded from bringing a class action under the Donnelly Act (General Business Law § 340) because the treble damages remedy provided for in subdivision (5) constitutes a "penalty" within the meaning of CPLR 901 (b). General Business Law § 340 does not specifically authorize recovery in a class action and, therefore, this action may not be maintained (*Rubin v Nine W. Group,* 1999 NY Misc LEXIS 655, *10-14, 1999 WL 1425364, *4-5 [Sup Ct, Westchester County, John DiBlasi, J.]; *Russo & Dubin v Allied Maintenance Corp.,* 95 Misc 2d 344, 348-349; *Blumenthal v American Socy. of Travel Agents,* 1977 WL 18392, *3 [Sup Ct, NY County, Arnold Fein, J.]; *see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:7). We note the specific authorization to bring class actions on behalf of governmental entities given to the Attorney General in General Business Law § 342-b, the absence of such specific authorization in section 340 (6), and the enactment of the latter provision after two courts (*Blumenthal, supra; Russo & Dubin, supra*) held that class actions could not be brought under the Donnelly Act because they are not specifically authorized (*see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 74, 240, 363). The conclusion that treble damages under the Donnelly Act are penal in nature is not undermined by the fact that they are mandatory, i.e., neither discretionary nor contingent upon a finding of bad faith. The mandatory imposition of multiple damages for any statutory infraction renders this statute all the more punitive, removing both the necessity to demonstrate willfulness or bad faith and the discretion customarily vested

in the court to determine the propriety of imposing a penalty under the particular circumstances of the action before it.

Plaintiff's reliance upon federal authority is unwarranted. Federal case law is at best persuasive in the absence of state authority; it is largely irrelevant to a peculiarly local question such as whether the New York State Legislature considers multiple damages provisions to be punitive or compensatory. In drafting CPLR 901 (b), the Legislature must be deemed to have chosen its language with reference to New York law, not its federal counterpart.

Prevailing opinion that treble damages are punitive is not limited to pronouncements at the trial court level. It has long been recognized that a provision for the trebling of damages is penal and subject to strict construction (*see, Newcomb v Butterfield*, 8 Johns 342, 345 [1811]). In *Lyke v Anderson* (147 AD2d 18 [wrongful eviction]), the Appellate Division, Second Department (at 28), restated the view that "multiple damage statutes are penal in nature and are to be strictly construed," acknowledging the legislative prerogative to establish criteria short of actual malice to justify imposition of the penalty (*supra*, at 31, citing *Welch v Mr. Christmas*, 57 NY2d 143, 150). This Court has also stated that punitive damages are available only under circumstances expressly contemplated by the applicable statute (*e.g., Blakeslee v Rabinor*, 182 AD2d 390, *lv denied* 82 NY2d 655 [Debtor and Creditor Law §§ 278, 279 subject to strict construction]), even where the statute recites that it is to be liberally construed (*Thoreson v Penthouse Intl.*, 179 AD2d 29, *affd* 80 NY2d 490 [provision for "such other remedies as may be appropriate" under Executive Law § 297 (9) is insufficient to support award of punitive damages]). The unusual provision in the Donnelly Act that prescribes the trebling of damages merely reflects legislative policy that its violation is deemed to be malum in se, without necessity for the customary demonstration of malice (*cf., Lyke v Anderson, supra*, at 28 ["Under any view of the law, punitive damages are not mandatory"]).

The idea that multiple damage awards are punitive finds support in the ancestry of numerous treble damages provisions having their origins in equivalent provisions of former criminal statutes. For example, the penalty for attorney misconduct found in Judiciary Law § 487 is derived from former Penal Law § 273 (*see, People v Connolly*, 3 AD2d 943; *Fields v Turner*, 1 Misc 2d 679). Likewise, the statutory provision for treble damages as a penalty for forcible entry and detainer (RPAPL 853) has its origin in the criminal statutes governing breach of the peace (*see, Mayes v UVI Holdings*, 280 AD2d 153, 159-160;

*Rental & Mgt. Assoc. v Hartford Ins. Co.*, 206 AD2d 288). Even provisions permitting recovery of treble damages for a rent overcharge (NY City Rent and Rehabilitation Law [Administrative Code of City of NY, tit 26, ch 3] § 26-413 [a], [d] [2]; Rent Stabilization Law of 1969 [Administrative Code of City of NY, tit 26, ch 4] § 26-516) are authorized by a penal provision of the State enabling legislation (McKinney's Uncons Laws of NY §§ 8609, 8610 [b] [Local Emergency Housing Rent Control Act §§ 9, 10 (b); L 1962, ch 21, § 1, as amended]) and clearly reflect the legislative intent that treble damages are to be imposed as a penalty.

Finally, as a general principle, the law forbids duplicate recovery (*e.g., Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, 343, *lv denied* 91 NY2d 803; *McIntyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, *lv denied* 94 NY2d 753). Logically, if a plaintiff must establish the amount necessary to compensate for a loss actually sustained, the award of any amount in excess of proven damages is not compensatory, it is exemplary.

We modify Supreme Court's order solely to vacate the stay of the individual cause of action, which defendants concede is no longer necessary in light of the dismissal of the class action Donnelly Act claims in the pending multi-district federal action (*see, In re Microsoft Corp. Antitrust Litig.*, 127 F Supp 2d 702, 727 [D Md 2001]). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Marlow, JJ.