■ AARON ASHER et al., Appellants, v ABBOTT LABORATORIES et al., Respondents. [737 NYS2d 4] —Order, Supreme Court, New York County (Helen Freedman, J.), entered October 12, 2000, which, in an action under General Business Law § 340 (the Donnelly Act), insofar as appealed from, denied plaintiffs' motion for class certification, unanimously affirmed, without costs.

Private persons cannot bring a class action under the Donnelly Act because the treble damages remedy provided in General Business Law § 340 (5) is a "penalty" within the meaning of CPLR 901 (b), the recovery of which in a class action is not specifically authorized and the imposition of which cannot be waived (*Rubin v Nine W. Group*, 1999 NY Misc LEXIS 655, *10-14, 1999 WL 1425364, *4-5 [Sup Ct, Westchester County, John DiBlasi, J.]; *Russo & Dubin v Allied Maintenance Corp.*, 95 Misc 2d 344, 348-349 [Sup Ct, NY County, Hilda Schwartz, J., 1978]; *Blumenthal v American Socy. of Travel Agents*, 1977 WL 18392, *3 [Sup Ct, NY County, Arnold Fein, J.]; *see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:7; *Cox v Microsoft Corp.*, 290 AD2d

206 [decided herewith]). We note the specific authorization to bring class actions on behalf of governmental entities given to the Attorney General in General Business Law § 342-b, the absence of such specific authorization in section 340 (6), and the enactment of the latter provision after two courts (*Blumenthal, supra*; *Russo & Dubin, supra*) had held that class actions could not be brought under the Donnelly Act because not specifically authorized (*see*, McKinney's Cons Laws of NY, Book 1, Statutes §§ 74, 240, 363). The conclusion that treble damages under the Donnelly Act are penal in nature is not undermined by the fact that they are mandatory, i.e., not discretionary or contingent upon a finding of bad faith, and indeed it can be argued that a statute providing for an award of multiple damages without need to prove willfulness or bad faith is more punitive than one that does require such proof. Concur—Tom, J.P., Ellerin, Wallach, Rubin and Buckley, JJ.