Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 26, 2011, which, upon reargument, adhered to a prior order, same court and Justice, entered June 20, 2011, granting plaintiff’s motion for class certification, affirmed, without costs. Appeal from the prior order, dismissed, without costs, as academic.
Plaintiff’s rent overcharge claim did not seek a “penalty” within the meaning of CPLR 901 (b), because she waived her right to treble damages under Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-516 (a). The waiver was effective, since, unlike the mandatory penalty provided under the Donnelly Act (General Business Law § 340 [5]; see Asher v Abbott Labs., 290 AD2d 208 [1st Dept 2002], lv dismissed 98 NY2d 728 [2002]), treble damages are not the sole measure of recovery, and an owner found to have overcharged may submit evidence to overcome the statutory presumption of willfulness (see Downing v First Lenox Terrace Assoc., 105 AD3d —, 2013 NY Slip Op 02853 [1st Dept 2013], and Borden v 400 *626 E. 55th St. Assoc., L.P., 105 AD3d 630 [1st Dept 2013] [decided simultaneously herewith]).
Although plaintiff did not waive her right to reimbursement for alleged overcharges and interest, these claims did not render her action an action for a penalty for purposes of CPLR 901 (b), even though such recovery is denominated a penalty by the RSL, because they lack a punitive, deterrent and litigationincentivizing purpose (see Sperry v Crompton Corp., 8 NY3d 204, 212-213 [2007]) and are, in fact, compensatory (see Mohassel v Fenwick, 5 NY3d 44, 50-51 [2005]).
Nor did the attorneys’ fees request seek a penalty, as the general right to attorneys’ fees in landlord-tenant proceedings (Real Property Law § 234) does not apply to administrative proceedings (see Matter of Blair v New York State Div. of Hous. & Community Renewal, 96 AD3d 687 [1st Dept 2012]), and the RSL provision should be understood as having the same nonpunitive purpose as the statute applicable to actions and summary proceedings. Notably, the reference in Rent Stabilization Code (9 NYCRR) § 2526.1 (d) to attorneys’ fees as an “additional penalty,” while otherwise not dispositive, is absent from the attorney fee provision in the legislatively enacted RSL.
Interpreting the requirements of the class action statute liberally, as we must (see City of New York v Maul, 14 NY3d 499, 509 [2010]), we agree with the motion that those requirements were satisfied. We reject defendant’s contention that plaintiff was required to provide an affidavit focused solely on her financial ability to adequately represent the class, which was adequately shown by counsel’s assumption of the risk of costs and expenses in the litigation.
We have considered defendant’s other contentions and find them unavailing.
Concur—Tom, J.P, Sweeny and Gische, JJ.