OPINION OF THE COURT
Andrias, J.
In this putative class action, plaintiffs, 13 tenants or former tenants of a residential complex owned by defendants, allege that defendants unlawfully deregulated their apartments under the luxury decontrol provisions of Rent Stabilization Law (Administrative Code of City of NY) § 26-501 et seq., while receiving tax incentive benefits under the City of New York’s J-51 program (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 280 [2009]). Plaintiffs seek, among other things, a declaration that all apartments in the complex are subject to rent stabilization, injunctive relief, and a money judgment. While plaintiffs demanded treble damages pursuant to Rent Stabilization Law § 26-516 (a) in their amended complaint, they have since waived that request and seek only reimbursement of the alleged rent overcharges plus interest.
Supreme Court erred when it dismissed the putative class action pursuant to CPLR 901 (b) and the individual claims on the ground that they should be brought before the Division of Housing and Community Renewal (DHCR). Because plaintiffs now seek to recover only their actual damages plus interest, rather than enhanced damages, and because Supreme Court has concurrent jurisdiction with DHCR with respect to overcharge claims, defendants’ motion to dismiss should be denied.
Pursuant to Rent Stabilization Law § 26-516 (a), “[i]f it is determined that the owner’s decision to charge the excessive rent was deliberate, or done knowing that the rent as charged was unlawful, a finding of willfulness is entered and a penalty equal to three times the amount of the overcharge must be imposed” (Matter of H.O. Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 103, 107 [1st Dept 2007]). “If the owner establishes by a preponderance of the evidence that the overcharge was not willful,” the tenant must be awarded the amount of the overcharge, plus interest “from the date of the first overcharge ... at the rate of interest payable *89 on a judgment pursuant to section 5004 of the [CPLR]” (Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]).
Pursuant to CPLR 901 (b), “[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.” However, even where a statute creates or imposes a penalty, the restriction of CPLR 901 (b) is inapplicable where the class representative seeks to recover only actual damages and waives the penalty on behalf of the class, and individual class members are allowed to opt out of the class to pursue their punitive damages claims (see Cox v Microsoft Corp., 8 AD3d 39 [1st Dept 2004]; Pesantez v Boyle Envtl. Servs., 251 AD2d 11, 12 [1st Dept 1998]; Ridge Meadows Homeowners’ Assn. v Tara Dev. Co., 242 AD2d 947 [4th Dept 1997]; Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d 604, 606 [2d Dept 1987]).
Relying on Asher v Abbott Labs. (290 AD2d 208 [1st Dept 2002], lv dismissed 98 NY2d 728 [2002]), defendants argue that the penalties of Rent Stabilization Law § 26-516 (a) are mandatory and cannot be waived. In Asher, this Court held that
“[p]rivate persons cannot bring a class action under the Donnelly Act because the treble damages remedy provided in General Business Law § 340 (5) is a ‘penalty’ within the meaning of CPLR 901 (b), the recovery of which in a class action is not specifically authorized and the imposition of which cannot be waived” (290 AD2d at 208).
However, under General Business Law § 340 (5), treble damages are awarded upon a finding of liability; the statute does not require a finding of willfulness or bad faith. In contrast, Rent Stabilization Law § 26-516 (a) only requires treble damages where the landlord cannot demonstrate that it did not act willfully, and is analogous to Labor Law § 198 (1-a), under which plaintiffs have been allowed to waive their right to liquidated damages to preserve the right to maintain a class action, provided that putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims (see Pesantez, 251 AD2d at 12).
Rent Stabilization Code (9 NYCRR) § 2520.13, which states that “[a]n agreement by the tenant to waive the benefit of any provision of the RSL or this Code is void,” does not require a different result. “[P]laintiffs are seeking to waive their entitle *90 ment to treble damages unilaterally, not through agreement. Thus, allowing the class action to proceed would not frustrate the RSC’s purpose of [avoiding] situations whereby the landlord attempts to circumvent the [RSC’s] benefits” (Rebibo v Axton Owners, Inc., 2012 NY Slip Op 32624[U], *6 n 2 [Sup Ct, NY County 2012] [citation and internal quotation marks omitted]).
Significantly, plaintiffs’ waiver of treble damages will not subvert a protection afforded by the rent stabilization scheme. On behalf of the putative class, plaintiffs seek a declaration that their apartments are subject to rent stabilization and the rent regulatory provisions of the Rent Stabilization Law, that any petitions for deregulation submitted by defendants to DHCR are invalid, and that any deregulation orders issued by DHCR are null and void. Plaintiffs also seek an injunction barring defendants from deregulating apartments at the complex pursuant to vacancy decontrol or luxury decontrol while receiving J-51 benefits and ordering defendants to revise all leases to provide that the units are subject to rent regulation at legal rents and to register the subject apartments with DHCR as required by law. Although plaintiffs now seek to recover only the amount of the overcharge, plus interest, individual class members will be allowed to opt out of the class to pursue their treble damages claims should they believe there is a lawful basis for doing so.
Nor is there merit to the argument that the putative class action must be dismissed under CPLR 901 (b) because reimbursement of rent overcharges plus interest is also a penalty as that term is used in section 26-516 (a). While section 26-516 (a) refers to an award of the amount of the overcharge plus interest as a penalty, “the determination of whether a certain provision constitutes a penalty may vary depending on the context” and “[t]he nature of the problem” (Sperry v Crompton Corp., 8 NY3d 204, 213 [2007]). “[A] statute imposes a penalty when the amount of damages that may be exacted from the defendant would exceed the injured party’s actual damages” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C901:11 at 104 [2006 ed]).
“By any reasonable measure, treble damages amount to a substantial penalty. It is punitive in nature and obviously designed to severely punish owners who deliberately and systematically charge tenants unlawful rents, while deterring other owners of stabilized premises who might be similarly inclined” (H.O. Realty Corp., 46 AD3d at 108). In contrast, *91 “ ‘interest is not a punishment arbitrarily levied upon a culpable party. Instead, an award of interest is simply a means of indemnifying an aggrieved person. It represents the cost of having the use of another person’s money for a specified period’ ” (Mohassel v Fenwick, 5 NY3d 44, 51 [2005], quoting Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d 21, 27 [2002]). Thus, while treble damages under Rent Stabilization Law § 26-516 (a) is a true penalty, allowable only where the overcharge is willful, the award of interest on the overcharge is compensatory in nature in that a tenant is only getting a return on the actual amount he or she was overcharged, which would correspond to the landlord’s reasonable use of the money while it was in the landlord’s possession.
The applicability of CPLR 901 (b) may be addressed at this procedural stage. It has been held that it is premature to dismiss class action allegations before an answer is served or pre-certification discovery has been taken (see e.g. Bernstein v Kelso & Co., 231 AD2d 314, 323 [1st Dept 1997]). However, it has also been held that a motion to dismiss may be made before a motion to determine the propriety of the class and a hearing under CPLR 902 where “it appears conclusively from the complaint and from the affidavits that there was as a matter of law no basis for class action relief’ (Wojciechowski v Republic Steel Corp., 67 AD2d 830, 831 [4th Dept 1979], lv dismissed 47 NY2d 802 [1979]). Here, the issue presented is whether, as a matter of law, plaintiffs are barred from bringing a class action by CPLR 901 (b) because Rent Stabilization Law § 26-516, which does not specifically authorize recovery in a class action, imposes a penalty that cannot be waived.
Accordingly, plaintiffs, who have waived the penalty of treble damages, should be allowed to proceed by way of a class action to recover their actual damages plus interest, provided class members are allowed to opt out and pursue individual actions, and plaintiffs otherwise satisfy the criteria of CPLR 901 (a).
The argument that the individual claims must be dismissed because the legislature intended that they be brought on an individual basis before DHCR is unavailing. Supreme Court has concurrent jurisdiction with DHCR to entertain an action to recover rent overcharges (see Wolfisch v Mailman, 196 AD2d 466 [1st Dept 1993], lv denied 82 NY2d 661 [1993]; see also Nezry v Haven Ave. Owner LLC, 28 Misc 3d 1226[A], 2010 NY Slip Op 51506[U] [Sup Ct, NY County 2010]).
Accordingly, the order of the Supreme Court, New York County (Charles E. Ramos, J.), entered on or about November *92 15, 2011, which, to the extent appealed from as limited by the briefs, upon renewal, granted defendants’ motion to dismiss plaintiff tenants’ action, should be reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings to determine whether the allegations in the amended complaint satisfy the criteria for a class action set forth in CPLR 901 (a). The appeal from the order of the same court and Justice, entered October 25, 2011, should be dismissed, without costs, as superseded by the appeal from the order entered on or about November 15, 2011.