DeGrasse, J.
(concurring in part and dissenting in part). I agree with the majority that the motion court erroneously granted defendants’ motion to dismiss the amended complaint. I write separately because the issue of whether plaintiffs could have waived their claims to penalties recoverable under Administrative Code of the City of New York § 26-516 (a) and Rent Stabilization Code (9 NYCRR) § 2526.1 (a) (1) should not be addressed at this time, given the posture of this case.
The court granted defendants’ renewed motion for an order dismissing the complaint. Defendants had moved for dismissal on the ground that this action could not be maintained as a class action because the amended complaint calls for an award of the aforementioned penalties.* Defendants invoked the statute of limitations as an additional ground for dismissal. CPLR 902 requires a plaintiff who commences a class action to move for permission to maintain the action as a class action within 60 days after the time for service of a responsive pleading has expired. In this case, defendants made their motion before serving their answer and before plaintiffs moved for class action certification. In my view, plaintiffs correctly argue that the court prematurely dismissed the amended complaint’s class action allegations.
A court may not determine whether an action is entitled to class action status until a plaintiff applies for class action certification under CPLR 902 (see Long Is. Region Natl. Assn. for Advancement of Colored People v Town of N. Hempstead, 102 Misc 2d 704, 710 [Sup Ct, Nassau County 1979], affd 75 AD2d 842 [2d Dept 1980]; see also Matter of Knapp v Michaux, 55 AD2d 1025 [4th Dept 1977]). The court’s dismissal of the *93 amended complaint was premature for the additional reason that defendants’ answer had not been served (see Bernstein v Kelso & Co., 231 AD2d 314, 323 [1st Dept 1997], followed in Pludeman v Northern Leasing Sys., Inc., 40 AD3d 366, 369 [1st Dept 2007], affd 10 NY3d 486 [2008]). Whether the statutory penalties can be waived is a matter that should be addressed upon plaintiffs’ motion for leave to maintain this action as a class action. In any event, the motion court’s decision does not suffice for purposes of determining class action status because it does not disclose consideration of the requirements for class certification set forth under CPLR 902 (see Matter of Non-Emergency Transporters of N.Y. v Hammons, 249 AD2d 124, 128 [1st Dept 1998]). Specifically, as a matter of statutory law, the court “shall consider” the following factors, among others, in determining whether an action may proceed as a class action:
“1. The interest of members of the class in individually controlling the prosecution or defense of separate actions;
“2. The impracticability or inefficiency of prosecuting or defending separate actions;
“3. The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
“4. The desirability or undesirability of concentrating the litigation of the claim in the particular forum;
“5. The difficulties likely to be encountered in the management of a class action” (CPLR 902).
The majority directs “further proceedings to determine whether the allegations in the amended complaint satisfy the criteria for a class action set forth in CPLR 901 (a).” As I see it, a motion duly made under CPLR 902 would be the only vehicle that would allow the court to efficaciously make the required determination.
Although raised by defendants and not addressed by the majority or the motion court, the rent overcharge claims of plaintiffs Lois Henry, Larry McMillan, Albert Taylor, Mary White, Barbara Jones, Risa Schneider and George Starckey were time-barred because the statute of limitations began to run from the time of the first overcharge alleged (see Direnna v Christensen, 57 AD3d 408 [1st Dept 2008], citing CPLR 213-a). *94 Said plaintiffs’ remaining causes of action are also time-barred because they are incidental to the overcharge claims (see Matter of Brinckerhoff v New York State Div. of Hous. & Community Renewal, 275 AD2d 622 [1st Dept 2000], appeal dismissed 96 NY2d 729 [2001], lv denied 96 NY2d 712 [2001]). Accordingly, I would modify the motion court’s order to reinstate the remaining plaintiffs’ claims that are not time-barred, without prejudice to a motion for class certification pursuant to CPLR 902.
Tom, J.P., Renwick and Abdus-Salaam, JJ., concur with Andrias, J.; DeGrasse, J., concurs in part and dissents in part in a separate opinion.
Order, Supreme Court, New York County, entered on or about November 15, 2011, reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings to determine whether the allegations in the amended complaint satisfy the criteria for a class action set forth in CPLR 901 (a). Appeal from order, same court, entered October 25, 2011, dismissed, without costs, as superseded by the appeal from the order entered on or about November 15, 2011.

 CPLR 901 (b) provides that “[u]nless a statute creating or imposing a penalty . . . specifically authorizes the recovery thereof in a class action, an action to recover a penalty . . . created or imposed by statute may not be maintained as a class action.”