MARGARET LOOFF et al., Respondents, *v.* CYRUS LAWTON, Appellant.

The provision of the Revised Statute (2 R. S. 287, § 68), making an attorney " who shall be guilty of any deceit or collusion,  *  *  *  with intent to deceive the court or any party," liable for treble damages, has reference to a suit pending, and does not include a transaction between an attorney and his client before proceedings have been commenced or an action brought.

Plaintiffs' complaint alleged in substance that they were owners as tenants in common of certain real estate; which one of their number desired to purchase and the others had agreed to convey their interests to him ; that defendant, an attorney upon being consulted, willfully, corruptly and fraudulently, and to induce them to institute and maintain a useless and expensive suit, that he might receive the fees, advised them that they were not competent to convey, and that the best way to accomplish the object was by partition suit, which advice plaintiffs followed, and were in consequence compelled to pay a large sum for costs and expenses. Judgment was asked for the amount paid and for treble damages, which were allowed. *Held* error; but that while the complaint stated a cause of action under the statute, it also stated one for a breach of professional duty, for which plaintiffs were entitled to recover the damages sustained.

The court charged in substance that the law required of attorneys a reasonable degree of skill, and that they shall exercise it honestly for the benefit of their clients, not for their own pecuniary profit, and if they failed in that, they are guilty of deceit and are liable under the statute. *Held,* that, while the latter portion of the charge was based upon the idea that the question was as to whether defendant had violated the statute, as the charge required the jury to find much more than was necessary to sustain a recovery for a breach of duty as an attorney, it could not have operated injuriously, and was not a legal error.

After the court had charged that if there was difficulty in perfecting the title, by means of a voluntary conveyance, the partition suit was proper and the advice honest, it charged that if defendant without any impediment or objection of the kind mentioned, advised that the suit was

necessary, the advice was dishonest and rendered him liable under the statute. *Held* no legal error.

(Argued October 16, 1884 ; decided December 2, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1880, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*D. P. Barnard* for appellant. To entitle plaintiffs to recover treble damages, the nature of defendant's deceit must be such as would make him guilty of a misdemeanor. (*Golschens* v. *Matheson*, 58 Barb. 152.) The deceit referred to in the statutes must consist of false and fraudulent representations of matters of fact and not of matters of opinion or judgment. It must be such as amounts to a misdemeanor, before a forfeiture can be recovered in a civil action. (2 Bouv. Inst. 543, 545 ; 2 Whart. C. L., § 2327 ; id. 514, § 2056 ; *Ranney* v. *People*, 22 N. Y. 413 ; *People* v. *Babcock*, 7 Johns. 201 ; *People* v. *Johnson*, 12 id. 292 ; *People* v. *Miller*, 14 id. 371 ; *People* v. *Williams*, 4 Hill, 9 ; 2 Whart. C. L., § 2118 ; *White* v. *Merritt*, 2 Seld. 352 ; *Gallagher* v. *Brunel*, 6 Cow. 346 ; *Starr* v. *Bennett*, 5 Hill, 303 ; *Duffany* v. *Ferguson*, 66 N. Y. 482.) Upon the facts stated by the plaintiffs to defendant that the intended purchaser was the husband of one of the plaintiffs, the doubt of the defendant that the wife was not competent to convey to her husband by deed is sustained by authority. (2 Kent's Com. 106 ; *Fry* v. *Fry*, 7 Paige, 461 ; *Jaques* v. *Methodist Church*, 17 Johns. 541 ; *Ferris* v. *Brush*, 1 Edw. 572 ; *Townsend* v. *Townsend*, 2 Sandf. 711 ; *Graham* v. *Van Dyke*, 14 Barb. 531 ; *Cropsey* v. *McKinney*, 30 id. 47 ; *White* v. *Wagner*, 32 id. 250 ; *S. C.*, 25 N. Y. 328 ; S. P., *Winans* v. *Reebles*, 32 Barb. 423 ; *Savage* v. *O'Neill*, 42 id. 374.)

*E. B. Barnum* for respondents. Deceit, as used in the statute as to attorneys, is not confined to deceit as defined under

the statute of false pretenses or under indictments for fraud at common law. (2 Stat. at Large, 298.) Fraud, by statute and at common law, is felony and its punishment is provided for. (Laws of 1796, chap. 30 ; 5 Stat. at Large, 697, § 53.) While the complaint clearly states a cause of action under the statute, it also states facts sufficient to constitute a cause of action for breach of contract. (*Graves* v. *Waite*, 59 N. Y. 156 ; *Ledwich* v. *McKim*, 53 id. 307 ; *Greentree* v. *Rosenstock*, 61 id. 583 ; *Ross* v. *Terry*, 63 id. 613.)

MILLER, J. The plaintiffs, in their complaint in this action, claim to recover damages of the defendant for malpractice as an attorney and counselor of the Supreme Court.

The complaint alleges that the defendant advised the plaintiffs, who held title to certain real estate and were owners thereof as tenants in common, that they were not competent to convey said real estate and could not give a good title thereof to one of their number, who was desirous of purchasing the same at a price which was agreed upon, and that the best, shortest, and cheapest manner of accomplishing the object in view was by a partition suit, and sale of the property under a decree to be obtained in said suit ; that such advice and counsel were so given willfully, corruptly, and fraudulently, with intent to deceive and defraud the plaintiffs, and to induce them to institute and maintain a useless and expensive suit, with full knowledge on the part of defendant ; that plaintiffs did accept and follow such advice and counsel, and the suit was instituted and prosecuted to judgment and the property sold, and purchased by one of the plaintiffs under an agreement executed by the advice of the defendant, before the commencement of the suit, with the intent on his part to deceive and defraud the plaintiffs ; that by reason of said partition suit, plaintiffs were obliged to and did pay the amount named in the complaint as the fees and expenses of said suit. The complaint then alleges that the suit was unnecessary and needless, and that the advice and counsel given were false and untrue, and were so given with the intent to deceive the plaintiffs and induce them to consent to an expensive and needless litigation in order that the defendant might receive large and extravagant fees, and the plaintiffs claimed to

recover the amount actually paid and for treble damages under the statute.

The answer took issue with the allegations alleging malpractice and deceit on the part of the defendant. Upon the trial the principal question litigated was whether the advice given by the defendant to the plaintiffs, was justified under the facts and circumstances of the case and was so given honestly and in good faith. The evidence on behalf of the plaintiffs established that the defendant had full knowledge of the fact that all of the plaintiffs, except one, who had agreed to purchase the premises in question at a price named, were ready and willing to unite in a conveyance to the latter, and that all of them had signed an agreement to that effect. This testimony was contradicted and the defendant introduced evidence to show that he gave the advice he did under the belief that no one of the heirs would purchase the property, and that a partition suit was necessary in order to perfect the title to the same. The jury found in favor of the plaintiffs on the issue tried, and by direction of the judge upon the trial, after the verdict, the damages were trebled.

The plaintiffs' claim to recover in this action is based upon the ground that deceit was practiced upon them by the defendant, by means of which they consented that an action in partition might be brought, and that they were injured thereby to the amount of costs and expenses paid by them to the defendant on account thereof. The right to recover treble damages rests upon the provisions of 2 R. S. (1st ed.), 287, § 68, which is as follows: "Any counselor attorney or solicitor who shall be guilty of any deceit or collusion, or shall consent to any deceit or collusion, with intent to deceive the court or any party, shall be punished by fine or imprisonment, or both, at the discretion of the court. He shall also forfeit to the party injured by his deceit or collusion treble damages, to be recovered in a civil action." The article of the statutes which includes the section cited is entitled, "Of the officers of courts of record, their duties, privileges and liabilities," and it contains various provisions relating to the subject. In placing a construction upon the section cited, we should consider its pro-

visions in connection with others which relate to the same general subject, and in view of the object to be attained. The question then arises whether the section under consideration has reference to the giving of wrong advice, before any action has been commenced, by an attorney to his client, when either one of two courses may be pursued, and thereby inducing the client to take that course which is most expensive and injurious, and causing him unnecessarily to incur large expenses, which, if proper advice had been given, might have been avoided, or does it mean deceit and collusion practiced by the attorney in a suit actually pending in court, with the intent to deceive the court or the party? The latter interpretation would seem to be more consistent with the language employed, and the general object of the section in question, and other sections contained in the same article of the statutes. The words used relate to a case where the attorney intends to deceive the court or his client by collusion with his opponent, or by some improper practice. They do not, we think, include a transaction antecedent to the commencement of the action, as the court could have no connection with any such proceeding. The " party " referred to is clearly a party to an action pending in a court in reference to which the deceit is practiced, and not a person outside, not connected with the same at the time or with the court. This construction seems to be supported by sections 69, 70, 71 and 72, immediately following the section cited, as they clearly relate to suits brought, or intended to be brought, by attorneys, and not to proceedings which have no connection with such suits. In the case at bar, the advice given by the defendant, which is complained of, preceded the action subsequently brought, and at that time there was no court or party to be deceived within the meaning of the statute. It is obvious that a plain and intelligible distinction exists between the action of an attorney in reference to a suit pending in court, and a proceeding out of court.

If the construction we have placed upon the statute is the correct one, the court was wrong in directing that the verdict of the jury upon the trial be trebled, and in this respect, the

judgment was erroneous. This conclusion does not, however, necessarily lead to a reversal of the judgment. The complaint, while it states a cause of action under the statute, also states facts which constitute a breach of duty for which the plaintiffs were entitled to recover damages, and the evidence upon the trial related to that breach of duty. Although the evidence was conflicting, it cannot be said that it was insufficient to sustain the verdict rendered by the jury, and we think it should be upheld, unless some other error was committed by the judge upon the trial which authorizes a reversal of the judgment.

This brings us to a consideration of the exceptions taken by the defendant to the charge. The court charged the jury, among other things, as follows: " The law requires of all attorneys a reasonable degree of skill, and that they shall exercise that skill in furtherance of the interest of the client, and not in furtherance of their own pecuniary profit or any other interest; in other words, and in plain English, they must have a reasonable degree of skill, and exercise that skill honestly and for the interest of their clients, and if they fail in that they are guilty of deceit, and, under this statute, they are amenable to the consequences provided by it." The latter portion of this proposition in the charge, which is excepted to, related to the liability of the defendant under the statute which has already been cited. It required the jury to find that the defendant had been guilty of deceit, which rendered him amenable, under the statute, to the penalty provided thereby, and for more than was necessary to sustain a recovery against the defendant for a failure to perform his duty as an attorney and counselor at law. It was thus more favorable to the defendant than the facts warranted. It is true that the portion of the charge excepted to was based upon the idea that the question to be determined was whether the defendant had violated the provisions of the statute cited; but inasmuch as this would include the wrongful acts of the defendant in the discharge of the obligation he owed to his client, for which he might otherwise be held liable, it could not operate injuriously to the defendant, and was not a legal error.

An exception was also taken to that portion of the charge in which the court said "that if the defendant advised the plaintiffs, without any impediment or objection of the kind he had mentioned, that a proceeding in the Surrogate's Court, or a proceeding in the Supreme Court, was necessary, that was dishonest advice, and rendered him amenable to the provision of the statute." Here also the charge was made, having in view the provisions of the statute. The court had previously charged the jury that "if there was difficulty in perfecting the title by means of a voluntary conveyance by those parties interested in this property, why then the suit was proper, and Mr. Lawton's advice was honest advice." The "impediment or objection" referred to in the part of the charge excepted to evidently related to what the court had previously said as to the difficulty of obtaining a voluntary conveyance of the real estate. If the parties were willing to convey voluntarily, and the title could have been acquired without resort to legal proceedings, then the advice given was clearly wrong, and must have been known to be so by the defendant, and in this respect it may be said that, in fact, it was dishonest, and the defendant would be liable for damages occasioned thereby in an action against him for malpractice. It could not injure the defendant because the judge charged that he was amenable to the provisions of the statute, instead of his being merely liable in an action for damages, and, therefore, this portion of the charge did not constitute such an error as authorized a reversal of the judgment.

The appellant's counsel claims that as one of the plaintiffs could not give a good title by conveyance to her husband, who was the contemplated purchaser, the alleged advice given was not wrongful. This point is not presented by any of the exceptions taken upon the trial, and, therefore, does not arise upon this appeal.

The examination we have given to this case leads to the conclusion that the judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiffs stipulate to deduct from the judgment the amount awarded as

treble damages, with interest on the same, in which case the judgment as modified is affirmed, without costs of this appeal to either party.

All concur, except ANDREWS and EARL, JJ., dissenting.

Ordered accordingly.