Eder, J.
Defendant moves to dismiss for insufficiency a complaint based upon section 273 of the Penal Law, which provides that “ An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; * * * is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by this chapter, he forfeits to the party injured treble damages, to be recovered in a civil action.”
The complaint alleges, in the first cause of action, that defendant, an attorney representing plaintiff’s wife, procured a warrant for his arrest from the Domestic Relations Court on representations, known by defendant himself to be false and made with intent to deceive that court in order to have a warrant rather than a summons issued for plaintiff, to the following effect: that plaintiff had failed to contribute to his wife’s support, was not a resident of this State, having no known place of employment therein, and could not be found in this city. It i.s then alleged that as a result plaintiff was arrested, jailed and confined until released on bail, and that after the hearing in the Domestic Relations Court, the warrant was vacated and bail restored; that plaintiff has been damaged in a stated sum and treble damages are requested “pursuant to the provisions of section 273 of the Penal Law.” (We need not discuss the second cause of action for the stated damages alone, based on these acts alleged to have been maliciously done by defendant. Plaintiff urges such cause is sufficient in accordance with settled principles of common law, and defendant’s brief does not address itself to this cause.)
Defendant contends that the section grants a remedy only to a client who is damaged by his attorney’s deceit or collusion, *681 The statute, however, explicitly refers to ‘4 any party ’ ’ and awards treble damages 4 4 to the party injured ’ ’. Moreover, subdivision 2 thereof (here omitted) does specifically relate to an attorney who 44 Wilfully delays his client’s suit It is clear that subdivision 1 includes this plaintiff as 4 4 any party ’ ’ who may sue thereunder.
Defendant argues further that he did not act with malice and endeavored to locate plaintiff before asking for the warrant, alluding to the Canons of Ethics (Canon 15) and its reminder to attorneys that they owe 44 entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights,” etc. All of this is matter of defense and proof at the trial. This complaint charges deceit with deliberate intent to deceive a court and is sufficient as a pleading.
Defendant also urges that this statute contemplates that the attorney must first be found guilty in a criminal court of the misdemeanor before a civil action will lie. He refers to the expression, " and in addition to the punishment prescribed therefor by this chapter, he forfeits to the party injured ”. No such interpretation may be drawn from the language used in the absence of a clear and unmistakable statement that the civil action may be brought only after a criminal conviction under the section. Civil remedies as a general rule are not affected in any manner by the pendency or outcome of a criminal prosecution (see Penal Law, § 24). Where a statute grants a civil as well as a criminal remedy, the two are separable. (Matter of Fainblatt v. Leo Sportswear Co., 178 Misc. 760, dealing with Penal Law, § 964; State Residential Rent Law [L. 1946, ch. 274, as amd.], § 11, dealing with treble damages by tenants for overcharges; Lien Law, § 36-a).
Defendant finally argues that the section should be restricted to acts of deceit or collusion in the " presence of the court,” citing cases which do not support that position but which merely hold that acts antecedent to a judicial proceeding or unconnected with it may not be the basis for any claim under this statute. Deception of a court is not confined to the actual appearance in court but has reference to any statement, oral or written, made with regard to a proceeding brought or to be brought therein and communicated to the court with intent to deceive it. It may be noted that this complaint does, in any event, allege that these representations were made to the " personnel ” of the Domestic Relations Court as well as to a justice thereof " in open court.”
The motion is accordingly denied.