■ In the Matter of ANNA NAVARRA, Respondent. SAMUEL D. ELLMAN et al., Appellants. In the Matter of ANNA NAVARRA, Respondent. SAMUEL D. ELLMAN et al., Appellants.— In a consolidated proceeding to fix the emergency and reasonable rents of business premises pursuant to sections 2 and 4 of the Business Rent Law (L. 1945, ch. 314, as amd.), the appeal is by the tenants from an order entered on a decision of an Official Referee fixing the said emergency and reasonable rents. Order unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ JOSEPH MATTIOLO, Doing Business as MATTY'S MILLINERY, Respondent, v. MURRAY HERMELE, Individually and Doing Business as TRIM NOVELTY Co., Appellant, et al., Defendants.— In an action for goods sold and delivered and for other relief, the appeal is from so much of a judgment, entered after trial by the court without a jury, as adjudges that respondent recover of appellant $4,632.79. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Murphy and Kleinfeld, JJ., dissent and vote to reverse the judgment insofar as appealed from and to dismiss the complaint insofar as it seeks to recover for goods sold and delivered, with the following memorandum: Respondent's testimony that he did not know he was doing business with a corporation is utterly incredible. He frequently visited the corporation's plant and must have seen there the name of the corporation, to which he was selling, prominently displayed. Exhibits C and D consist of 36 checks drawn to the respondent's order by the corporation with its name clearly displayed in two places on each check. In the light of such proof, the judgment in favor of respondent for goods sold and delivered is untenable.

■ JAMES MOLONE, Respondent, v. ARCHIBALD BOMAR, Appellant.— Appeal dismissed. (See Molone v. Bomar, 3 A D 2d 937.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN J. CONNOLLY, Respondent.— Appeal from an order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, dismissing an information charging defendant with violation of section 273 of the Penal Law in that he filed two false statements as to retainer with the Appellate Division, Second Judicial Department. Order reversed, demurrer disallowed, and defendant required to plead to the information at a term of the Court of Special Sessions at a time to be provided in the order to be entered hereon. Defendant is charged with having filed two false statements as to retainer with this court in violation of rule 3 of our Special Rules Regulating the Conduct of Attorneys and Counselors at Law in the Second Judicial Department. It is provided in rule 3 that if the action or claim arises from personal injuries or property damage, the attorney filing the statement as to retainer shall state the name of any person who referred the client to the attorney or who had any connection with referring the client to the attorney, stating the connection. In each of two counts the defendant is charged with having willfully and falsely stated as purported compliance with the rule that a named individual had referred and recommended a client to him. That offense would constitute a deceit with intent to deceive the court within the purview of the stated Penal Law provision. Pendency of an action is not a necessary ingredient of the offense. It is immaterial that section 273 of the Penal Law also provides in the disjunctive that a deceit practiced upon a party is not only a misdemeanor but that the party injured may recover treble damages. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. Settle order on notice.