John J. Fusco, J.
Testimony was given by Gloria Kail, one of the plaintiffs in this action, and by James A. Panettiere, Esq., attorney for the plaintiffs. Plaintiffs’ testimony indicated that a basement apartment in premises known as 142 Woodworth Avenue, Yonkers, New York, owned by the plaintiffs was rented during the months of August, September and October, 1968 and prior thereto by a Mr. and Mrs. Nathaniel Crawford at a weekly rate of $31.91. Previous to August 16,1968, the tenant had been *303 receiving public assistance and rent had been paid directly to the landlord by voucher, this mode of payment was discontinued on or about July 1, 1968, when the tenant undertook to make payments himself, which he did from on or about July 1, through August 16. From August 16 through the month of September, the tenant failed to pay the rent and subsequently the landlord brought a dispossess proceeding in the City Court of Yonkers, New York, which hearing was set for October 8, 1968. After process was duly served and prior to October 8, 1968, plaintiffs’ attorney was called by a Miss Oliver of the defendant, Department of Public Welfare who told the attorney she would look into this matter and call him back. On October 7, Miss Oliver again called Mr. Panettiere requesting that the matter be adjourned and that the rent would be paid by welfare through October 31, 1968, including $50 as reasonable counsel fees, the total agreed to be paid was $395.93. There apparently was some conversation between Miss Oliver and attorney Panettiere as to whom the check for rent and legal fees would be made payable to and it was indicated by Miss Oliver that the check would have to be made payable to the tenant and not to the landlord or to the landlord’s attorney. On the basis of the promise that the Department of Public Welfare would pay the amount agreed upon and dispossess matter was adjourned to October 18, 1968.
On October 14, Mr. Panettiere called Miss Oliver again and was advised that a check had been mailed to the tenant to pay the rent, and he requested that a stop payment be put on the check because the tenant had not given the check to his client, the landlord. There was apparently some additional conversation to the effect that Miss Oliver would have to write to the main office because of some telephone difficulties which made it impossible to phone.
Thereafter, and on or about October 17, Miss Oliver again called Mr. Panettiere and advised him it was too late as the tenant had already cashed the check. On October 18, a final judgment with a five-day stay was granted by Judge Gilbert M. Laudy in the dispossess proceeding and the tenant moved out on October 20.
Testimony further indicated that the actual rent due is $7.88 for balance of August; $135.95 for the month of September; and $137.20 for October, and $50 for counsel fees for a total of $395.03 less $31.71 which stood as security so that the amount in question is $363.32.
At the end of the plaintiffs’ case, defendant moved to dismiss on which motion the court reserved decision. The defendant then rested and renewed his motion to dismiss on the basis that *304 the plaintiffs had not made out a prima facie case, had no cause of action in law, there was not privity of contract, the acts of defendant, if any, were ultra vires, the acts of the defendant were in violation of section 59 of the Westchester County Charter (L. 1937, ch. 617, as amd.) and therefore not enforceable against the county.
After due consideration, this court now denies the defendant’s motion. In the opinion of this court, the uncontradicted facts show quite clearly that there was a legal forbearance here on the part of the plaintiffs. There was a request to forbear and the plaintiffs did in fact forbear thus creating a contract between the parties (Strong v. Sheffield, 144 N. Y. 392; Walton Water Co. v. Village of Walton, 207 App. Div. 708). Whereas here a debtor or a third party on his behalf requests a creditor to extend or adjourn a court date upon a promise to pay by the third party, there is a forbearance based on the collateral undertaking by the third party and in law, the third party becomes liable as a surety to the plaintiff. The mere fact that the defendant indicated payment would be made to the tenant and not directly to the landlord is not a bar to this action, because the natural import of the various consideration here given is that the debt would in fact be paid and it then became incumbent upon the defendant to see that the debt was in fact paid and they cannot complain if they, of their own volition, paid the wrong party. Where as here a promisor has made an absolute promise to pay, he may not thereafter claim relief by showing that his promise was ill advised or that he would lose money by so doing. (Raner v. Goldberg, 244 N. Y. 438; City of New York v. Interborough R. T. Co., 257 N. Y. 20.)
As to section 59 of the County Charter of Westchester County, the court finds that is not applicable to this case.
Where as here a person foregoes a legal right pursuant to a promise to pay, the courts will intercede to correct abuses and protect rights where an injustice will result absent action by the court. It would indeed be harsh if the court were to allow the plaintiffs to sustain the loss where it was not caused by any action on its part, but resulted in reliance on a promise made by an administrative arm of a government which is ostensibly organized to protect the right of persons.
Accordingly, judgment is rendered in favor of the plaintiffs herein in the sum of $363.22, plus $20 costs and $9 disbursements, for a total judgment of $392.22.