Memobandum. Plaintiff, a construction company, instituted this breach of contract action against defendant, an attorney, alleging, in substance, that because it relied on defendant’s representation that his client would pay plaintiff an amount due it upon th§ disposition of a case then pending in Federal court between defendant’s client and other parties, it had refrained *214 from proceeding with an action it. had commenced and thereby suffered damage.
- Since a contract made by an attorney in behalf of his client is the act of a known principal, and imposes no personal liability on the attorney in the absence of an express agreement to that effect (3 N. Y. Jur. Attorney and Client,, § 80; Mencher v. Weiss, 306 N. Y. 1), as a known principal he is not liable unless he has assumed -a personal liability in clear and unmistakable language (Title Guar. & Trust Co. v. Sage, 146 App. Div. 578), and he is not liable to third persons for the acts of his client unless it can be shown convincingly that he was guilty of fraud, collusion or a malicious or tortious act (3 N. Y. Jur., Attorney and Client,. § 78). In the absence of any allegation that defendant either advised or induced his client not to pay plaintiff (Kasen v. Morrell, 18 Misc 2d 158), that he induced his client to breach a contract with plaintiff or commit a legal wrong (Hornstein v. Podwitz, 254 N. Y. 443, 449), or that he made an absolute promise to plaintiff that the alleged debt would, in fact, be paid (Kail v. Department of Public Welfare of County of Westchester, 62 Misc 2d 302), it is our opinion that the complaint fails to state a cause of action.
Order affirmed, with $10 costs.
Concur — Hogan, P. J., McCullough and Farley, JJ.