■ SIDNEY SINGER, Respondent, v WHITMAN & RANSOM, Appellant. — In an action by a stockholder, *inter alia,* to compel the issuance of an attorney's letter, defendant appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated December 22, 1980, which denied its motion for summary judgment. Order modified, on the law, by adding thereto, after the provision denying the motion for summary judgment, the following: "except the motion is granted to the extent of dismissing the demand for relief pursuant to section 487 of the Judiciary Law." As so modified, order affirmed, without costs or

disbursements. Plaintiff, an alleged owner of unregistered and restricted stock of a corporation, brought this action, *inter alia*, seeking damages on the ground that the defendant, Whitman & Ransom, counsel to the corporation which issued the stock, aided and abetted the corporation, its officers and the transfer agent, in an effort to impede plaintiff's attempt to sell his stock by refusing to provide an opinion letter releasing the restricted stock for sale, although plaintiff allegedly complied with rule 144 of the Securities and Exchange Commission (17 CFR 230.144). Generally, an action against an attorney by a nonclient third party will not lie (see *Gifford v Harley,* 62 AD2d 5; *Victor v Goldman,* 74 Misc 2d 685; *Dallas v Fassnacht,* 42 NYS2d 415). However, an attorney may be held liable for injuries sustained by a third party as a consequence of the attorney's wrongful or improper exercise of authority, or where the attorney has committed fraud or collusion or a malicious or tortious act (see *Newburger, Loeb & Co. v Gross,* 563 F2d 1057, cert den 434 US 1035; *Cronin v Scott,* 78 AD2d 745; *Sefi Fabricators v Tillim,* 79 Misc 2d 213; *Kasen v Morrell,* 18 Misc 2d 158). Except as hereinafter noted, summary judgment is not appropriate in this case and a trial should be had, as questions of fact exist as to whether Whitman & Ransom's refusal to issue the opinion letter was part of a deliberate and unwarranted attempt to forestall plaintiff's transfer of his stock while permitting favored shareholders to transfer their shares. These allegations, if proven, would subject Whitman & Ransom to liability (see *Newburger, Loeb & Co. v Gross, supra).* Finally, section 487 of the Judiciary Law provides for a cause of action against an attorney where the alleged deceit or collusion with the intent to deceive any party, occurred in a pending judicial proceeding (see *Looff v Lawton,* 97 NY 478). Where the deception is directed against a court, a pending judicial proceeding is not required; it is sufficient if the deception relates to a prior judicial proceeding or one which may be commenced in the future (see *People v Connolly,* 3 AD2d 943; *Fields v Turner,* 1 Misc 2d 679). Neither circumstance exists in this case and the claim for relief pursuant to section 487 should be dismissed. Hopkins, J.P., Mangano, Margett and Thompson, JJ., concur.