■ Jeffrey Gelmin et al., Appellants-Respondents, v John Quicke et al., Respondents-Appellants. [638 NYS2d 132] —In an action to recover damages, inter alia, for libel and violations of Judiciary Law § 487, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 31, 1994, as dismissed the first through eighth causes of action of their complaint and the defendants cross-appeal from so much of the same order as denied their motion for the imposition of sanctions against the plaintiffs and their counsel.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the respondents-appellants.

In July 1985, the defendant Sequa Capital Corporation (hereinafter SCC), a wholly owned subsidiary of the defendant Sequa Corporation (hereinafter Sequa), entered into a consulting agreement with the plaintiff GBJ Corporation (hereinafter GBJ). The plaintiff Jeffrey Gelmin is the sole shareholder of GBJ. The consulting agreement concerned services related to equipment lease transactions and provided, *inter alia,* that GBJ would receive a percentage of the value of the leased equipment when the lease expired or was terminated (hereinafter referred to as "the residual interest"). SCC enjoyed considerable growth under this arrangement and by 1990 possessed a leveraged lease portfolio for equipment costing in excess of $750,000,000. In 1990, however, the new president of SCC, the defendant John Quicke, terminated GBJ's consulting contract. At the time, SCC allegedly owed GBJ some $18,000,000 in fees based on the residual interests in the equipment leases.

In July 1993, the plaintiffs commenced this action for damages arising from, *inter alia,* libel and violations of Judiciary Law § 487. All claims arise from two documents: an insurance claim filed by Sequa under an employee dishonesty policy and the affidavit of Edward Piszko, a former employee of SCC, in support thereof. The plaintiffs claim that these two documents, *inter alia,* mischaracterized various transactions between the parties and implied that the plaintiffs were wrongdoers. We now affirm the Supreme Court's dismissal of the complaint and the denial of the defendants' motion for sanctions.

The Supreme Court did not err when it treated the defendants' motion to dismiss pursuant to CPLR 3211 (c) and CPLR 3211 (a) (7) as one for summary judgment. It is clear from, *inter alia,* the significant factual submissions proffered by both parties that they were laying bare their proof and "deliberately charting a summary judgment course" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320). Accordingly, the submissions were properly scrutinized to determine whether the plaintiffs had a cause of action, not just whether one had been properly stated *(see, Bailey v Diamond Intl. Corp.,* 47 AD2d 363).

The first three causes of action, against the defendants Chaye Shapot, Ellen Harmon, John Quicke, Stuart Krinsly, and Sequa, allege that the creation and execution of the Piszko affidavit constituted a violation of Judiciary Law § 487. Judiciary Law § 487 (1) provides, *inter alia,* that treble damages may be sought against any attorney or counselor who "[i]s guilty of

any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party". The Court of Appeals, in construing the predecessor statute to what is now Judiciary Law § 487, stated as follows: "The question then arises whether the section under consideration [refers to the giving of incorrect advice which results in injury and expense to the client] * * * or does it mean deceit and collusion practiced by [an] attorney in a suit actually pending in court, with the intent to deceive the court or the party? The latter interpretation would seem to be more consistent with the language employed and the general object of the section in question, and other sections contained in the same article of the statutes. The words used relate to a case where [an] attorney intends to deceive the court or his client by collusion with his opponent, or by some improper practice. They do not, we think, include a transaction antecedent to the commencement of the action, as the court could have no connection [to] any such proceeding. The 'party' referred to is clearly a party to an action pending in a court in reference to which the deceit is practiced, and not a person outside, not connected with the same at the time or with the court * * * In the case at bar, the advice given by the defendant, which is complained of, preceded the action subsequently brought, and at [the same] time there was no court or party to be deceived within the meaning of the statute. It is obvious that a plain and intelligent distinction exists between an action of an attorney in reference to a suit pending in court, and a proceeding out of court" *(Looff v Lawton,* 97 NY 478, 482). Here, the deceit complained of was the creation and execution of the Piszko affidavit. However, it is not disputed that the Piszko affidavit was created before the commencement of either this or a related Federal action and that it was created for the purpose of filing an insurance claim. Indeed, the Piszko affidavit was not submitted by the defendants in support of either this or the Federal action, but was rather produced pursuant to discovery demands made by the plaintiffs in the Federal action. Accordingly, the plaintiffs' pleadings, on their face, fail to state a cause of action pursuant to Judiciary Law § 487. In addition, the plaintiffs failed to proffer any factual support for their conclusory allegations of damages *(see, Parks v Leahey & Johnson,* 81 NY2d 161; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403; *Brown v Samalin & Bock,* 155 AD2d 407). Thus, the first three causes of action were properly dismissed.

The plaintiffs' fourth cause of action, against Quicke, alleges that he filed the insurance claim with the intent of defrauding the insurer of SCC and Sequa. This cause of action was properly

dismissed because the plaintiffs were not the parties alleged to be defrauded *(see, Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530). Further, even if this Court were to accept the plaintiffs' characterization of the fourth cause of action as one for prima facie tort, the plaintiffs' allegations are insufficient to support a finding that Quicke's sole motivation was a "disinterested malevolence" *(Curiano v Suozzi,* 63 NY2d 113, 117). Thus, under either theory, the fourth cause of action was properly dismissed.

The plaintiffs' fifth through eighth causes of action, against Quicke, Harmon, Shapot, Krinsly, Sequa and SCC, allege that the plaintiffs were libeled in the defendants' insurance claim. However, on the facts presented, the assertions made in support of Sequa's insurance claim are protected by a qualified privilege *(see, Stukuls v State of New York,* 42 NY2d 272; *Shapiro v Health Ins. Plan,* 7 NY2d 56; *Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645; *NRT Metals v Laribee Wire,* 102 AD2d 705; *Gallagher v Woodley Co.,* 35 AD2d 713). Thus, even if the claim contained otherwise actionable material, it was incumbent upon the plaintiffs to proffer evidence that the defendants were "actuated by express malice or actual ill-will" *(Shapiro v Health Ins. Plan, supra,* at 61). Although the existence of malice is usually a question of fact, the issue is one for the jury only if the plaintiff provides evidence warranting such a submission *(see, Stukuls v State of New York, supra; Friedman v Ergin, supra).* "Falsity is not sufficient for an inference of malice. 'It must be * * * consistent only with a desire to injure the plaintiff to justify * * * [sending] the question of malice to the jury' " *(Stukuls v State of New York, supra,* at 279, quoting *Shapiro v Health Ins. Plan, supra,* at 60-61). Here, it is clear that the defendants submitted their insurance claim with the motive to recoup SCC's losses. Therefore, the plaintiffs' allegations are insufficient to warrant submission of their libel claim to a jury. Accordingly, the fifth through eighth causes of action were properly dismissed.

Finally, because the plaintiffs' conduct in interposing and pursuing this action was not frivolous within the meaning of 22 NYCRR 130-1.1, the Supreme Court did not improvidently exercise its discretion in denying the defendants' request for sanctions *(see, Miller v John A. Keeffe, P. C.,* 164 AD2d 933). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.