■ JUDITH HALEVI et al., Plaintiffs, v BARTLEY FISHER, Defendant/Counterclaim-Plaintiff-Appellant. JUDITH HALEVI et al., Counterclaim-Defendants, and WAGNER DAVIS P.C. et al., Additional Counterclaim-Defendants-Respondents, et al., Additional-Counterclaim-Defendants. JUDITH HALEVI, Plaintiff, v BARTLEY FISHER, Defendant/Counterclaim-Plaintiff-Appellant. JUDITH HALEVI, Counterclaim-Defendant, and WAGNER DAVIS P.C. et al., Additional Counterclaim-Defendants-Respondents, et al., Additional-Counterclaim-Defendants. [917 NYS2d 156]—

Orders, Supreme Court, New York County (Jane S. Solomon, J.), entered June 12, 2009, which granted the motion of additional counterclaim-defendants Wagner Davis P.C. and Steven R. Wagner (collectively law firm) for summary judgment dismissing the counterclaims asserted against them for aiding a breach of fiduciary duty and for tortious interference with prospective economic relations, unanimously affirmed, with costs.

The record shows that the law firm established its entitlement to judgment as a matter of law and that in opposition, defendant/counterclaim plaintiff Bartley Fisher failed to raise a triable issue of fact. The law firm submitted evidence showing that J-Bar Associates, LLC listed only plaintiff Judith Halevi as owner, that the law firm had never agreed to represent Fisher personally but only to represent C-Square Associates and Halevi in connection with the negotiations with Starwood Capital Group, LLC, and that Fisher had consented to such representation and the possibility of a conflict of interest by signing a letter agreement in 2005.

Furthermore, the law firm demonstrated that Fisher suffered no damages by its representation. The parties stood to gain from a higher settlement, and at his deposition, Fisher acknowledged that the Starwood settlement amount was acceptable to him. Accordingly, any prejudice to Fisher's position in the dispute over his interest in J-Bar with Halevi was avoided by the escrow of settlement funds, and the litigation between Halevi and Fisher was thereafter settled.

The court also properly found that, even if Halevi did breach her fiduciary duty to Fisher, the firm did not knowingly participate in the breach (*see Kaufman v Cohen*, 307 AD2d 113, 125-

126 [2003]). Nor were Fisher's claims of tortious interference against the law firm meritorious, as counsel was "immunized from liability under the shield afforded attorneys in advising their clients, even when such advice is erroneous, in the absence of fraud, collusion, malice or bad faith" (*Beatie v DeLong*, 164 AD2d 104, 109 [1990]). Thus, Fisher's argument here that the motion court failed to address the issues of compensatory damages and disgorgement of legal fees is unavailing, as the court found both that Fisher had not raised a triable issue as to how he was damaged by the law firm's representation, and that Fisher could not recover from the law firm for breach of fiduciary duty or tortious interference.

We have considered Fisher's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ. **[Prior Case History: 24 Misc 3d 1207(A), 2009 NY Slip Op 51292(U).]**