■ LIFELINE FUNDING, LLC, Doing Business as US CLAIMS, INC., Respondent, v ALAN RIPKA, Appellant. [980 NYS2d 416]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 27, 2012, awarding plaintiff the total sum of $161,896.34 after finding defendant guilty of a misdemeanor and liable for treble damages pursuant to Judiciary Law § 487, and bringing up for review an order, same court and Justice, entered August 27, 2012, which granted plaintiff's motion for summary judgment, and denied defendant's cross motion for summary judgment, unanimously modified, on the law, to the extent of reversing defendant's misdemeanor adjudication and vacating the award of treble damages pursuant to Judiciary Law § 487, and otherwise affirmed, without costs.

A cause of action against a partnership for breach of contract does not lie against the individual partners absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations (*see United States Trust Co. of N.Y. v Bamco 18*, 183 AD2d 549, 550-551 [1st Dept 1993]). Hence, a plaintiff is required either to name the partnership as a party defendant, along with the individual partners, or to aver the insufficiency of partnership assets to satisfy the claim (*id.*). Here, although the partnership is listed as inactive by the New York Department of State, plaintiff made no showing that the partnership

lacks sufficient funds to repay plaintiff. However, even if plaintiff's cause of action for breach of contract against the individual defendant was not properly pleaded, the remaining causes of action sufficiently allege individual wrongdoing pursuant to Partnership Law § 26 (c) which provides that a partner may be liable for wrongful conduct committed by him. Plaintiff made a prima facie showing of its entitlement to judgment as a matter of law with respect to its remaining causes of action. In opposition, defendant failed to raise an issue of fact. Although he raises factual arguments on appeal, we have not considered them because they were not raised before the motion court (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Ferrell & Myers, Inc.*, 26 AD3d 191 [1st Dept 2006], *lv denied* 7 NY3d 705 [2006]).

This Court finds, however, that the motion court erred in finding that defendant violated Judiciary Law § 487. Defendant did not engage in the "extreme pattern of legal delinquency" required to violate the statute (*Gonzalez v Gordon*, 233 AD2d 191, 191 [1st Dept 1996], *lv denied* 90 NY2d 802 [1997] [internal quotation marks omitted] [defendant attorney's disbursement of $39,000 in escrow funds without plaintiff's authority did not support an award of treble damages]; *Wiggin v Gordon*, 115 Misc 2d 1071, 1077 [Civil Ct, Queens County 1982] [defendant attorney who repeatedly told plaintiff he would pay taxes on the estate, never did so and then defaulted on the Judiciary Law § 487 proceedings brought against him engaged in "chronic, extreme pattern of legal delinquency"]). Although we do not condone defendant's actions, his conduct does not constitute "an extreme case" of attorney misconduct (*Wiggin*, 115 Misc 2d at 1071).

Defendant's attempts to assert the defenses of usury and champerty, i.e., that the agreement at issue contained an excessive interest rate, similarly raise factual issues that were neither raised before the motion court nor asserted in defendant's answer and will not be addressed for the first time on appeal (*see* CPLR 3018 [b]; *National Union Fire Ins. Co. of Pittsburgh, Pa.*, 26 AD3d 191; *Connecticut Natl. Bank v Peach Lake Plaza*, 204 AD2d 909, 911 [3d Dept 1994]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.