■ SILVIA RODRIGUEZ, Respondent-Appellant, v JACOBY & MEYERS, LLP, et al., Appellants-Respondents, et al., Defendants. (And a Third-Party Action.) [6 NYS3d 240]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 14, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487 and the cause of action for breach of fiduciary duty based on allegations of conflict of interest and the filing of an improper retaining lien, and denied the motion as to the cause of action for fraud and for breach of fiduciary duty based on allegations of over-billing, unanimously affirmed, without costs.

As to the cause of action for breach of fiduciary duty based on over-billing, the record does not permit a finding as a matter of law as to whether the expenses billed by defendants Total Trial Solutions, LLC (TTS) and Cinetrial Solutions, LLC (CTS), providers of litigation support services, were authorized and were reasonable, since issues of fact exist whether defendant Jacoby & Meyers's guidelines for the provision of litigation support services were followed and whether TTS and CTS provided services in excess of what had been deemed necessary.

The record does not permit summary dismissal of the complaint on the ground of unclean hands since, in addition to the above-cited issues of fact as to the following of the guidelines for litigation support services, issues of fact exist as to which individual or individuals at Jacoby & Meyers were responsible for litigating the case and for reviewing and approving the litigation support services.

As to the breach of fiduciary duty claim based on a conflict of interest, the retainer agreement clearly disclosed that attorneys had a financial interest in TTS and CTS, and advised plaintiff to seek an independent attorney's opinion on the issue of case expenses if she felt the need (*see generally Halevi v Fisher*, 81 AD3d 504 [1st Dept 2011], *lv denied* 16 NY3d 711 [2011]). Plaintiff presented no evidence either that she had difficulty with English (indeed, her deposition testimony in English reflects no such difficulty) or that her injury rendered her unable to understand the agreement she signed.

For the same reasons, plaintiff's contention that defendants committed fraud by omission by concealing their conflict of interest from her is unavailing. Nor does the retainer agreement's language of "potential" conflict of interest render the disclosure less clear.

As to the breach of fiduciary duty claim based on the alleged filing of an improper retaining lien, it has not been determined whether defendants were discharged for cause (*see Teichner v*

*W & J Holsteins*, 64 NY2d 977 [1985]; *Eighteen Assoc. v Nanjim Leasing Corp.*, 297 AD2d 358 [2d Dept 2002]).

There is no evidence that defendants engaged in misconduct constituting a violation of Judiciary Law § 487 (*see e.g. Lifeline Funding, LLC v Ripka*, 114 AD3d 507, 508 [1st Dept 2014]).

We have considered the parties' remaining arguments in support of affirmative relief and find them unavailing. Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.