Ripka v Rotter (2018 NY Slip Op 07935)





Ripka v Rotter


2018 NY Slip Op 07935


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7645 157823/14

[*1]Alan S. Ripka, Plaintiff-Appellant,
v
Seth Rotter, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Frederick J. Martorell, P.C., Brooklyn (Frederick J. Martorell of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 16, 2015, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs.
Plaintiff alleges that defendant is required to reimburse him for 50% of the judgment entered against him personally in a prior action (Lifeline Funding, LLC v Ripka, 114 AD3d 507 [1st Dept 2014] [the Lifeline action), pursuant to a Stipulation of Settlement entered into between the parties concerning their obligations for debts of their former law firm. The motion court correctly determined that the breach of contract and negligence claims are barred by the applicable statutes of limitations (CPLR 213; 214), because this action was commenced more than six years after the underlying law firm debt became due and more than three years after defendant's alleged negligence occurred in failing to satisfy the debt. The indemnification claim was correctly dismissed because there is no indemnity provision in the Stipulation of Settlement (see Ruiz-Hernandez v TPE NWI Gen., 106 AD3d 627 [1st Dept 2013]). Moreover, defendant cannot be required to indemnify plaintiff for the judgment entered against him in the Lifeline action, because the judgment was based on plaintiff's own wrongful conduct (see Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 895 [1st Dept 2003], lv denied 1 NY3d 504 [2003]).
The motion court properly denied plaintiff's cross motion for leave to amend his complaint to assert a contribution claim, because contribution is not available "between two parties whose potential liability to a third party is for economic loss
resulting only from a breach of contract" (Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 23 [1987]; see Bloostein v Morrison Cohen LLP, 157 AD3d 432 [1st Dept 2018]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK